**Ana Milagro CAMPOS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–73246.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Michael S. Cabrera, Esquire, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ana Milagro Campos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her second motion to reopen proceedings in which she was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Campos' motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2) (an alien seeking to reopen proceedings must file the motion to reopen no later than 90 days after the final administrative order). The BIA correctly concluded that equitable tolling did not apply because Campos married her United States citizen husband after the motions deadline, so her motion would have been untimely regardless of the alleged misconduct. *See Iturribarria*, 321 F.3d at 897 (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

**PETITION FOR REVIEW DENIED.**